IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYRUS R. SANDERS,

    Plaintiff,

v.

STEVEN DOWNS, THE BRADFORD
COUNTY DISTRICT ATTORNEY; et al.

    Defendants.

NO. 1:08-CV-1560

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Plaintiff Cyrus R. Sanford sought to file a Complaint (Doc. 1) on August 20, 2008 against Defendants Steven Downs, the Bradford County District Attorney; Albert C. Ondrey, Assistant District Attorney, Francis D. Rineer, Assistant District Attorney; Greg Hostettler, Bradford County Detective; Captain Donald C. Peters; Trooper Bernosky; Trooper Petros; David C. Pelachick; George C. Confer; and Unknown Troopers of the Pennsylvania State Police. On August 21, 2008, an administrative order was issued directing the Plaintiff to pay the filing fee or to file an Application in Forma Pauperis. (Doc. 5.) Plaintiff Sanders filed his motion to proceed *in forma pauperis* on August 29, 2008. (Doc. 6.)

The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. See *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 provides a two-step process for reviewing *in forma pauperis* petitions. The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, then assess the complaint to

determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. See *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review).

Movant has completed the IFP application, and has properly provided certification of his prisoner account balance. According to the IFP application, he is employed at the institution, and receives monthly compensation of forty dollars ($40.00) per month. Mr. Sanders' application is also marked such that he is willing to pay a partial filing fee and have sums deducted from his prison account when such funds exist until the filing fee has been paid. Assuming this to be an accurate depiction of Mr. Sander's complete financial situation, he has made an adequate showing of poverty. See *Souder v. McGuire*, 516 F.2d 820, 824 (3d Cir. 1975) (prisoners need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison" in order to litigate a case).

The Court has reviewed the complaint and determines that it is not frivolous or malicious. Taking into consideration the liberal pleading standards afforded *pro se* litigants under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Movant adequately states claims under 42 U.S.C. § 1983 and § 1985. He does not seek relief from defendants who are absolutely immune from suit. Count I brings claims against members of the Pennsylvania State Police. (Compl. Count I ¶¶ 1-25, Doc. 1.) Government officials, such as police, may be entitled to qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), but the burden is on the official claiming immunity to establish his entitlement, *Dennis v. Sparks*, 449 U.S. 24, 29 (1980). Thus, Movant cannot be said to seek relief from immune defendants as to Count I

at this stage. Count II brings claims against members and former members of the Bradford County District Attorney's Office. (*Id.* Count II ¶¶ 1-51.) State prosecutors are entitled to absolute immunity for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). However, they are entitled to only qualified immunity for "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Movant makes allegations in Count II that take issue with the District Attorney's Office's failure to investigate alleged thefts of Movant's property. (Compl. Count II ¶¶ 48, 50, Doc. 1.) Because it is thus not clear that absolute immunity applies and the burden is on the official to show he is entitled to such immunity, *Buckley*, 509 at 269, Movant cannot be said to seek relief from an immune defendant as to Count II at this stage. After reviewing the Complaint, it is this Court's opinion that Movant qualifies for *in forma pauperis* status.

NOW, this 16th day of October, 2008, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 6) is **GRANTED**.

A. Richard Caputo
United States District Judge

3