# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYRUS R. SANDERS, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-1560 |
| v. | (JUDGE CAPUTO) |
| STEVEN DOWNS, et al., | (MAGISTRATE JUDGE MANNION) |
| Defendants. | |

## MEMORANDUM

Presently before the Court are the Report and Recommendation ("R&R") of U.S. Magistrate Judge Mannion (Doc. 58), Plaintiff's Objections to the R&R (Docs. 59, 62, 68, 69), Plaintiff's Motions to Appoint Counsel (Docs. 56, 63), and Plaintiff's Motion to Disqualify Counsel of Defendant Cynthia Dunlap (Doc. 64.). The R&R recommends that the Defendants' motions to dismiss (Docs. 41, 45, 47, 53) be granted and that Plaintiff's Amended Complaint (Doc. 21) be dismissed. For the reasons discussed below, the Plaintiff's Motion to Disqualify will be granted, the R&R will be adopted and the Plaintiff's Amended Complaint Dismissed, and the Motions to Appoint Counsel will be denied as moot. This Court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 (federal question).

## BACKGROUND

The allegations of Plaintiff's Amended Complaint are as follows:

Plaintiff Cyrus R. Sanders, acting *pro se*, commenced this lawsuit on August 20, 2008, alleging numerous violations of his federal constitutional rights. (Doc. 1.) Plaintiff

brings claims against four general groups of defendants. First, he brings claims against police officers from the Pennsylvania State Police ("PSP") and from Bradford County. These Defendants, collectively the "Police Defendants," include PSP Captain Donald Peters, and Troopers Bernosky, George Confer, John Kern, Jr., David Pelachick, and Petros. (Amend. Compl. 2 ¶¶ 5-6, Doc. 21.)[1] Second, he brings claims against prosecutors from Bradford and Sullivan Counties. These Defendants, collectively the "DA Defendants," include District Attorneys Steven Downs and Daniel Barrett, and Assistant District Attorneys Francis Rineer and Albert Ondrey from Bradford County, as well as District Attorney Leonard Simpson from Sullivan County. (Amend Compl. 2 ¶¶ 4, 8.) Third, he brings claims against Bradford County Court of Common Pleas officials, including the Honorable Jeffery Smith and Court Administrator Marylou Vanderpool. (Amend. Compl. 2 ¶ 7.) Finally, he brings claims against Cynthia Dunlap ("Dunlap"), a private citizen. (Amend. Compl. 2 ¶ 9.)

A search of Plaintiff's home was conducted on January 9, 2006, by the PSP. (Amend. Compl. 16-17 ¶¶ 64-65.) The PSP knew that Plaintiff was the sole owner of the home and had been for fiteen years. (Amend. Compl. 16 ¶ 63.) In order to obtain consent to search Plaintiff's home, PSP officers conspired with Dunlap. (Amend. Compl. 16 ¶ 64.) The PSP officers obtained Dunlap's consent to search in exchange for overlooking her "meth related contraband." (Amend. Compl. 16 ¶ 62.) PSP officers, as well as Bradford County District Attorney Steven Downs, knowingly accepted false information from Dunlap as to her control of Plaintiff's home, and nevertheless used her consent to justify the search. (Amend. Compl.

---

[1] Because Plaintiff's Amended Complaint is not numbered sequentially throughout and instead restarts its numbering, for clarity the Amended Complaint will be cited by page number and then by numbered paragraph.

17 ¶ 67.)

From on or about June 2006 through March 2007 Plaintiff experienced a large series of thefts at his home while he was incarcerated. (Amend. Compl. 2 ¶ 1.) These thefts were reported to the PSP Defendants and to the DA Defendants by Plaintiff's representative Nanette Fries ("Fries"). (Amend. Compl. 3 ¶¶ 3, 6.) PSP officers were dispatched to Plaintiff's home, but "no actions by the [PSP] on the perpetrators were taken." (Amend. Compl. 4 ¶ 11.) PSP officers relied upon false, unverified statements of the perpetrators without investigating further. (Amend. Compl. 5 ¶ 16.) Fries was told by Trooper Petros that she should not call the PSP anymore, and that the thefts were a civil matter. (Amend. Compl. 4 ¶ 12.) Plaintiff also filed complaints with the PSP internal affairs division and those complaints were addressed by PSP Captain Peters. (Amend. Compl. 5 ¶ 16.) The PSP have refused to adequately investigate the thefts of the Plaintiff's property, "and have exhibited bad faith by taking the unverified and undocumented verbal statements of the accused that no crimes were committed." (Amend. Compl. 6 ¶ 24.)

On or about June 2006, Plaintiff contacted District Attorney Steven Downs about the thefts. (Amend. Compl. 8 ¶ 26.) None of the DA Defendants ever made any effort to respond to Plaintiff's requests for charges to be filed against the perpetrators of the thefts at his home. (Amend. Compl. 9 ¶ 28.) Plaintiff filed private criminal complaints in Bradford County, but these were denied by Assistant District Attorney Francis Rineer due to "ownership issues." (Amend. Compl. 10 ¶ 34.) A second set of privately filed criminal complaints were also denied on the same blanket policy rationale. (Amend. Compl. 11 ¶ 38.) Bradford County Detective Greg Hostettler, an agent of the District Attorney's Office, also refused to investigate the thefts. (Amend. Compl. 12 ¶ 48.) Sullivan County District

3

Attorney Leonard Simpson also failed to respond to criminal complaints filed by Plaintiff regarding the thefts. (Amend. Compl. 15 ¶ 57.) Similarly, Bradford County District Attorney Daniel Barrett failed to take action on the Plaintiff's criminal complaints. (Amend. Compl. 21 ¶ 94-95.) Plaintiff filed a petition for review of the District Attorney's decision not to prosecute, which was denied by Bradford County Common Pleas Judge Jeffrey Smith. (Amend. Compl. 11 ¶¶ 40-41.) Plaintiff also received a response from Marylou Vanderpool instructing him to file documents with the Clerk of Court, despite the fact that he was previously able to file documents through Ms. Vanderpool's office in the past. (Amend. Compl. 19-20 ¶¶ 86-88.)

Plaintiff filed a complaint in the United States District Court for the Middle District of Pennsylvania on August 20, 2008. (Doc. 1.) Additionally, Plaintiff has filed two motions for appointment of counsel (Docs. 56, 63) and a motion to disqualify the counsel of Defendant Dunlap due to a conflict of interest. (Doc. 64.) All Defendants filed motions to dismiss between July 17, 2009 and September 21, 2009. (Docs. 41, 45, 47, 53.) On November 25, 2009, Magistrate Judge Mannion filed an R&R recommending that all of the motions to dismiss be granted. (Doc. 58.) Plaintiff has filed several documents objecting to the R&R. (Docs. 59, 62, 68, 69.)

## LEGAL STANDARD

**I. Review of Report and Recommendation**

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and

specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the statute neither prevents nor requires a particular standard if no objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)

(quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiff raises seven (7) claims.  At Count I, a claim against the Police Defendants for failure to investigate the thefts at his home.  At Counts II, III and VI, claims against the DA Defendants for failing to investigate and prosecute the thefts.  At Count IV, claims against Dunlap and the PSP officers who searched his home on January 9, 2006 for violations of his Fourth Amendment rights and a conspiracy to violate those rights.  At Count V, claims against Judge Smith for their acts denying Plaintiff's motions to compel investigation of the thefts, and against Marylou Vanderpool for failing to file court documents.  Additionally, while not in a numbered count, the Plaintiff alleges throughout his amended complaint that the Police and DA Defendants violated his equal protection rights.  Plaintiff also moves for the disqualification of Defendant Dunlap's counsel due to conflict of interest.

**I.    Disqualification of Counsel**

Plaintiff has moved to disqualify the firm of Griffin, Dawsey, DePaola and Jones, the firm presently representing Defendant Dunlap.  (Doc. 64.)  Plaintiff alleges that a member of that firm, Attorney Ray DePaola, previously met with Plaintiff and discussed this case, and that representing Dunlap presents a conflict of interest.  (Doc. 64.)  This Court ordered a

response to the Plaintiff's allegations by February 17, 2010, but did not receive a response.[2] (Doc. 65.) Because Dunlap has failed to respond or otherwise communicate with this Court, I will now grant the Plaintiff's motion as unopposed and order that the firm of Griffin, Dawsey, DePaola and Jones be disqualified from further representation of any party in this litigation.

Presently before the Court is Defendant Dunlap's Motion to Dismiss. (Doc. 53.) There is no *per se* rule requiring that attorney work product be destroyed when counsel has been disqualified. *First Wisconsin Mortg. Trust v. First Wisconsin Corp.*, 584 F.2d 201, 202 (7th Cir. 1978). Instead, allowing the turnover of attorney work product is within the discretion of the district court. *International Business Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978). I find that Dunlap's motion contains only legal arguments, not any confidential information which might have been obtained through the alleged conflict of interest, and that permitting the motion to stand in spite of the conflict of interest does not unfairly prejudice Plaintiff. While Dunlap's counsel will be disqualified, I will still consider Dunlap's motion to dismiss. (Doc. 53.)

## II.     January 9, 2006 Search (Count IV)

Plaintiff argues that the PSP officers who searched his home on January 9, 2006, did not have valid consent or a warrant to do so, and that therefore they violated his Fourth Amendment rights. Defendants respond that any claims relating to this incident were filed beyond the statute of limitations. An action under § 1983 applies the statute of limitations applicable to state personal injury torts. *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. Pa. 1986) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). Under Pennsylvania law, the statute

---

[2] The only Defendants to respond were Judge Smith and Marylou Vanderpool, who noted only that their counsel was not implicated in the motion to disqualify. (Doc. 67.)

8

of limitations for a tort claim is two years. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Therefore, the statute of limitations for the federal § 1983 claims is also two (2) years. The date on which Plaintiff's cause of action accrued was "when the plaintiff knew or should have known of the injury upon which its action is based." *Id*. While Plaintiff argues that he did not know of the injury until his subsequent arraignment, this argument is belied by his own allegation that he was present during the search. (Amend. Compl. 17 ¶ 65.) Because he was present during the search, it cannot be fairly said that he did not know, or should have known, of the injury at that time. The two-year statute of limitations on any claim arising from the January 9, 2006 incident expired January 9, 2008. Because Plaintiff's original complaint was not filed until August 20, 2008, his claims relating to this incident will be dismissed as beyond the statute of limitations. Defendants' motions to dismiss Plaintiff's Amended Complaint with respect to claims of violations of the Fourth Amendment and the conspiracy to violate the Fourth Amendment on January 9, 2006 will be granted.

**III.**     **Failure to Adequately Respond to Thefts (Counts I, II, III, V, VI)**

Plaintiff raises allegations throughout his amended complaint regarding a failure by numerous governmental officials to investigate and prosecute thefts occurring at his home during his incarceration. Plaintiff's claims all arise under the the Fourteenth Amendment's Due Process Clause which states, in part, that "no State [shall] deprive any person of life, liberty, or property without the due process of law . . . ." U.S. Const. amend. XIV. To determine if there is any basis for liability, the Plaintiff's claims will be examined as to each type of actor.

9

A. Police

Plaintiff alleges that the Police Defendants failed to perform an adequate investigation as to the thefts at his home. His claims, however, fail because "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation." *Fuchs v. Mercer County*, 260 Fed. Appx. 472, 475 (3d Cir. 2008) (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007), (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"))). Defendants' motions to dismiss claims against the Police Defendants relating to their investigation of the thefts at Plaintiff's home will be granted.

B. Prosecutors

Plaintiff also alleges that the DA Defendants failed to perform their duties by failing to prosecute or investigate further the thefts at his home. The Third Circuit Court of Appeals also dealt with this type of claim in *Fuchs* stating:

> Prosecutors enjoy absolute immunity for the decision to initiate a prosecution, *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-1464 (3d Cir. 1992), for evaluation of evidence collected by investigators, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and even for failure to conduct adequate investigation before filing charges, *Kulwicki*, 969 F.2d at 1463-1464.

*Fuchs*, 260 Fed. Appx. at 475. Because each of the DA Defendants acted in a prosecutorial role in the decision whether to prosecute they are absolutely immune. Plaintiff argues that the DA Defendants also violated his rights during the investigation of the thefts, before making any prosecutorial decisions. Even if that were true, as stated above there is no constitutional right to the completion of such an investigation. *Id*. Defendant's motion to dismiss claims against the DA Defendants will be granted.

10

C. Judiciary

Plaintiff brings a claim against Judge Jeffrey Smith, arguing that the judge should be liable for his erroneous decision in denying the petition for review. There is no question, however, that Judge smith is absolutely immune from Plaintiff's claims. Judges have absolute judicial immunity for conduct pursuant to their role as judicial officers. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). For judicial immunity to apply, only two requirements need to be met: jurisdiction over the dispute, and a judicial act. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Id.* at 349 (citation omitted). Second, a judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360-61. While Plaintiff may feel that Judge Smith was mistaken, that does not pierce absolute judicial immunity. *Id.* at 356-57 ( "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority") There is no question that Judge Smith acted within his jurisdiction as a Pennsylvania Common Pleas Judge when reviewing Plaintiff's petition for review, and that denying a petition was a judicial act. Because Judge Smith has absolute immunity, Plaintiff's claims will be dismissed.

D. Court Administrator

Plaintiff finally argues that Defendant Marylou Vanderpool, Bradford County Court Administrator, should be held liable for failing to file his court documents. Although administrative personnel in the judicial system have "important duties in the judicial process, their duties, such as docketing and filing papers with the court, are ministerial and mandatory

11

acts which do not merit insulation form liability for damages by a grant of absolute 'quasi judicial' immunity.'" *Allen v. Dorsey*, 43 F. Supp. 44, 47 (E.D. Pa. 1978). While Defendant Vanderpool does not have quasi-judicial immunity, Plaintiff's claim nevertheless fails because it does not state a cause of action. Plaintiff's only allegation is that Vanderpool refused to file documents on his behalf. Pennsylvania Rule of Criminal Procedure 576 specifically states that all documents "shall be filed with the clerk of courts." PA. R. CRIM. P. 576(A)(1). As stated in the comments for Rule 576, providing a copy to the court administrator is "not intended to replace the requirement that the party must file with the clerk of courts." *Id.* (discussing requirement in Rule 576(B)(1) for service of a copy on the court administrator does not replace requirement of rule 576(A)(1)). While it may be true that Ms. Vanderpool assisted Plaintiff in compliance with the rules in the past, there is no due process violation in requiring compliance with the court's procedural rules. Defendant's motion to dismiss relevant to allegations against Defendant Vanderpool will be granted.

### IV.     Equal Protection

While not listed specifically as a separate count, Plaintiff also alleges that the Defendants violated his equal protection rights. He does not allege that the criminal code itself violates his rights, but rather that the Defendants selectively prosecuted those laws because of his status as a felon. "A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive." *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989). To state a claim, Plaintiff must allege: (1) that persons similarly situated have been treated differently, and (2) that the decision "was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor." *Id*. While generally selective prosecution claims arise from the

12

decision *to* prosecute, here Plaintiff alleges a selective decision *not to* prosecute. Plaintiff only alleges, however, that he was subjected to differential treatment "based on the fact that he was a convicted felon and in prison." (Amend. Compl. 6-7 ¶ 25.) He does not allege that the Defendants selectively enforced statutes against felons as a class, nor does he allege that other similarly situated non-felons were treated differently. Regardless, the decision *not to* prosecute is fundamentally different than the decision *to* prosecute. While being subject to selective prosecution denies an individual of the constitutional interests to life and liberty, the decision not to prosecute denies no protected right because a citizen has no constitutional right to a criminal investigation or prosecution. *Fuchs*, 260 Fed. Appx. at 475. Defendants' motions to dismiss will be granted as to all equal protection claims.

**CONCLUSION**

Defendant Dunlap failed to respond to Plaintiff's Motion to Disqualify Counsel and to this Court's order requiring a response, therefore, the firm of Griffin, Dawsey, DePaola and Jones will be disqualified from further representation of any party in this litigation. For the reasons stated above, the recommendations of the Magistrate Judge in the R&R (Doc. 58) will be adopted, and Plaintiff's Amended Complaint (Doc. 21) will be dismissed for failure to state a claim upon which relief may be granted.

An appropriate order follows.

| | |
|---|---|
| March 9, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYRUS R. SANDERS,

    Plaintiff,

        v.

STEVEN DOWNS, et al.,

    Defendants.

CIVIL ACTION NO. 3:08-CV-1560

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MANNION)

## ORDER

**NOW**, this  9th  day of March, 2010, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's Motion to Disqualify Counsel (Doc. 64) is **GRANTED** and the firm of Griffin, Dawsey, DePaola and Jones is **DISQUALIFIED** from further representation of any party to this litigation.

(2) The Report and Recommendation (Doc. 58) is **ADOPTED**.

(3) Defendants Jeffrey Smith and Marylou Vanderpool's Motion to Dismiss (Doc. 41), Defendants George Confer, John Kern, Donald Peters, Bernoksy, Petros and David Pelachick's Motion to Dismiss (Doc. 45), Defendants Steven Downs, Albert Ondrey, Francis Rineer, Greg Hostettle, Daniell Barret and Leonard Simpson's Motion to Dismiss (Doc. 47), and Defendant Cynthia Dunlap's Motion to Dismiss (Doc. 53) are **GRANTED**.

(4) Plaintiff's Amended Complaint (Doc. 21) is **DISMISSED**.

(5) Plaintiff's Motion to Appoint Counsel (Doc. 56) and Motion to Appointment of Counsel (Doc. 63) are **DENIED AS MOOT**.

(6) The Clerk of Court will mark this case as **CLOSED**.

                              /s/ A. Richard Caputo
                              A. Richard Caputo
                              United States District Judge