# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYRUS R. SANDERS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:08-1560** |
| v. | : | **(CAPUTO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **STEPHEN DOWNS, et al.,** | : | |
| **Defendants** | : | |

## **REPORT AND RECOMMENDATION**[1]

Presently before the court are motions for summary judgment filed by Defendant Stephen Downs, (Doc. No. 110), and Defendant John Kern, Jr., (Doc. No. 115). In addition, after notifying the plaintiff of its intent, the court will consider a *sua sponte* grant of summary judgment in favor of the last additional defendant, Cynthia Dunlap. On April 26, 2011, the Third Circuit affirmed in part and vacated in part, the court's order dismissing the case. (Doc. No. 81). The case was remanded to evaluate the validity of the search of the plaintiff's property conducted on January 9, 2006. Finding the search was reasonable, the court recommends that the pending motions for summary

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

judgment be **GRANTED**. In the alternative, the court again recommends that the sole remaining claim be dismissed as it is barred by the statute of limitations.

I.   **FACTS AND PROCEDURAL HISTORY**[2]

Upon remand from the Court of Appeals, the claim still before the court, Count IV of the plaintiff's amended complaint, centers on a 2006 search of the plaintiff's property. (Doc. No. 81; Doc. No. 21). On January 9, 2006, the Pennsylvania State Police ("PSP") conducted a search of the plaintiff's property, seized several items, and arrested him pursuant to a fugitive warrant. Plaintiff was later convicted of receiving stolen property, and has been incarcerated since June 2006. The District Court dismissed the Fourth Amendment illegal search claim because it was barred by a two year statute of limitations. (Doc. No. 53). The Third Circuit found the record unclear as to whether the plaintiff was present at the time of the search – and therefore had notice – or if he had already been removed from the scene subsequent to his

---

[2] Pursuant to Local Rule 56.1, Defendants Downs and Kern each filed statements of material fact in support of their respective motions for summary judgment. (Doc. No. 113; Doc. No. 116). The plaintiff filed a counter-statement of material facts. (Doc. No. 118).

2

arrest. (Doc. No. 81).

The PSP asserts that the search was conducted after Defendant Kern obtained the consent of Cynthia Dunlap, who identified herself as the common law wife of the plaintiff and demonstrated control over the property by opening locked doors for the officers. (Doc. No. 112).

The plaintiff alleges that on October 14, 2008 he received a sworn statement that revealed the search, seizure and his arrest conducted on January 9, 2006, was the result of coercion or an illegal conspiracy. Specifically, plaintiff alleges that Defendant Dunlap was caught inside his home with methamphetamine and that Defendant Kern agreed to overlook the contraband if Defendant Dunlap gave the PSP permission to search his home and property. Consequently, plaintiff alleges the PSP conducted the search and seizure without valid consent or probable cause and that he was falsely arrested.

The remainder of the allegations in plaintiff's complaint concerned the "large series of thefts at his home in Bradford County," which occurred during his incarceration, from June 2006 to March 2007. (Doc. No. 21 at 1). The District Court dismissed these claims and the Court of Appeals affirmed. (Doc. No. 81).

On December 21, 2011, this court entered an order directing Defendants Kern and Dunlap to answer the plaintiff's amended complaint by January 10, 2012 and setting the deadline for dispositive motions on May 2, 2012. (Doc. No. 100).

Defendant Downs, who is named in the surviving Count IV of the plaintiff's amended complaint was not directed to file an answer, however, did file an answer on February 15, 2012. (Doc. No. 109). On May 1, 2012, Defendant Downs filed a motion for summary judgment, (Doc. No. 110), an affidavit in support, (Doc. No. 111), a brief in support, (Doc. No. 112), and a statement of facts, (Doc. No. 113).

On May 2, 2012, Defendant Kern filed a motion for summary judgment, (Doc. No. 115), and a statement of facts, (Doc. No. 116). On June 8, 2012, Defendant Kern filed his brief in support of the motion for summary judgment, (Doc. No. 120). The plaintiff responded with a counter statement of material facts, (Doc. No. 118), and a brief in opposition to Defendant Kern's motion for summary judgment, (Doc. No. 119). To date, Defendant Dunlap has not filed any dispositive motions. Nevertheless, in reviewing the claims against her, the court notified the plaintiff of its intent to consider a *sua sponte* grant of summary judgment in her favor and directed the plaintiff to file a brief in

opposition, (Doc. No. 122). The plaintiff did not file a brief in opposition.

## II.   STANDARD OF REVIEW

As an initial matter, it is important to note that this court is required to liberally construe a pro se plaintiff's pleadings; "however inartfully pleaded," the "allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In doing so, the court is to "apply the applicable law irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 687 (3d Cir. 2002). Nevertheless, a court need not credit a plaintiff's "bald assertions" or " legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

The defendants have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner*

5

*v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990); *In re Cargill Meat Solutions Wage and Hour Litigation*, 632 F.Supp.2d 368, 372 (M.D.Pa.2008). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir.2007). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir.2004). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir.2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d

6

Cir.2003); *see also* Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir.1998) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir.2007).

## III. DISCUSSION

Generally, 42 U.S.C. §1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. *See* Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). To state a claim under §1983, the plaintiff must show that the defendant, acting

7

under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. §1983. Moreover, liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. *See Giles v. Kearney*, 571 F.3d 318, 329 (3d Cir. 2009)(*citing Rhode v. Dellarciprete*, 845 F. 2d 1195, 1207 (3d Cir.1988)).

### *A. Defendant District Attorney Downs*

Defendant Downs served as the District Attorney for Bradford County at the time of the January 2006 search. (Doc. No. 112 at 5). In his motion and brief, Defendant Downs notes that the only issue remaining on remand is the possible illegality of the PSP's warrantless search of the plaintiff's property. (Doc No. 21 at 17). The plaintiff has not alleged that Defendant Downs authorized or in any other way participated in the search that occurred on January 6, 2009. As the decision to conduct the search lay entirely with the PSP, Defendant Downs cannot be held liable for any damages resulting from the search. Therefore, the court recommends that Defendant Downs motion for summary judgment be granted.

### *B. Defendant Trooper Kern*

Defendant Kern, the PSP Officer who conducted the January 2006 search, argues that there was no constitutional violation because he reasonably relied on the consent of Defendant Dunlap who had apparent authority over the property.

"It is ... well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *United States v. Price*, 558 F.3d 270, 277 (3d Cir.2009)(quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Consent must be voluntarily and freely given. *See Price,* 558 F.3d at 278. There is, however, "no talismanic definition of 'voluntariness,' mechanically applicable to the host of situations where the question has arisen; instead, we determine the voluntariness of a consent by examining the totality of the circumstances." *Id.* (*citing Schneckloth*, 412 U.S. at 224)(internal citations omitted).

Consent may be granted by a co-inhabitant of a property based on the concept that "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right

9

and that the others have assumed the risk that one of their number might permit the common area to be searched." [United States v. Stabile, 633 F.3d 219, 230-31 (3d Cir.2011)](*quoting* [United States v. Matlock, 415 U.S. 164, 171 n.7, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974)]). "The Supreme Court also has held that a warrantless entry is valid when based on the consent of a third party whom the police, at the time of the entry, *reasonably believed* possessed common authority over the premises." [United States v. Clark, 96 Fed.Appx 816, 820 (3d Cir.2004)](*citing* [Illinois v. Rodriquez, 497 U.S. 177, 186-189, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)](emphasis in original). However, "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." [Stabile, 633 F.3d at 231] (*quoting Georgia v. Randolph*, 547 U.S. 103, 120, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006)).

In its initial report, (Doc. No. [53]), the court recommended that the plaintiff's claim of an illegal search was barred by the two year statute of limitations applicable to §1983 claims; the District Court agreed and dismissed

the claim. (Doc. No. 70).³ The Third Circuit found that material issues of fact remained as to whether the plaintiff was present during the search and therefore had notice for purposes of the statute of limitations. (Doc. No. 81, Att. 1 at 4). Now looking beyond the statute of limitations bar, the court finds that plaintiff's presence is ultimately immaterial to the final disposition of the matter as it leads to one of two possible factual scenarios. First, if the plaintiff was present, he may have been able to express his non-consent to the search; however, it would necessarily indicate that the plaintiff had notice of the search and the court would again recommend that the claim be dismissed because it is barred by the statute of limitations. Second, if the plaintiff was not present, and therefore did not have notice of the search so as to survive the statute of limitations challenge, then the consent of co-habitant, Defendant Dunlap, would be sufficient to authorize the search.

Here, the plaintiff contests both that Defendant Dunlap had authority to consent to the search and that the consent was given voluntarily. In his brief

---

³As discussed in the District Court's memorandum opinion, "[a]n action under §1983 applies the statute of limitations applicable to state personal injury torts. *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. Pa.1986) (citing Wilson v. Garcia, 471 U.S. 261 (1985)). Under Pennsylvania law, the statute of limitations for a tort claim is two years. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)." (Doc. No. 70 at 8).

11

in opposition the plaintiff asserts that he was the sole owner of the property as evidenced by his payment of bills and taxes for many years. (Doc. No. 119 at 1-2). Though the plaintiff may have been the sole owner of the property, the plaintiff does not controvert the defendants' assertions that Defendant Dunlap was a co-inhabitant of the property and was thereby authorized to consent to a search. Moreover, even in the event that Defendant Dunlap did not have actual authority over the property, her conduct during her interactions with the PSP allowed for their reasonable reliance on her authority. In particular, Defendant Dunlap told officers that she was the plaintiff's common law wife. (Doc. No. 116 at 2). She told Defendant Kern that she was in control of the property and gave the PSP permission to search for a stolen vehicle they believed to be on the property. (Id.). Finally, Defendant Dunlap escorted the officers around the property and opened locked buildings to allow them to search. (Id.). In light of Defendant Dunlap's assertions about her relationship to the plaintiff and control of the property as well as her demonstration of control over the property by opening locked buildings, Defendant Kern's reliance on her apparent authority was reasonable.

The search could still be a violation of the plaintiff's constitutional rights if Defendant Dunlap's consent was not voluntary. There is, however, no

evidence in the record – beyond the plaintiff's bald accusations – that her consent was coerced. Defendant Kern asserts, via affidavit, that Defendant Dunlap was not the subject of any criminal investigation nor was she caught with any contraband and therefore her consent was not given in exchange for immunity. (Doc. No. 116, Ex. A at 3). The plaintiff has offered no evidentiary support beyond his own allegations. At the summary judgment phase, bald assertions without additional support cannot survive.

Finding that the Defendant Kern reasonably relied on the Defendant Dunlap's apparent authority to consent to the search and that there is insufficient evidence to find that her consent was coerced, no reasonable jury could find that the search violated the Fourth Amendment. As such, the court recommends that Defendant Kern's motion for summary judgment be granted.

### C. Defendant Cynthia Dunlap

As §1983 requires that a defendant act "under the color of state law," private individuals are generally not liable under 42 U.S.C. §1983. A plaintiff may sustain a claim under §1983 against a private party, however, if that private party conspired with state actors. *See Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir.1998)*. An allegation of conspiracy requires that the plaintiff show a conspiracy between a private party and state actors and a violation of

the plaintiff's civil rights in furtherance of that conspiracy. *See Dennison v. Pennsylvania Dep't of Corr.*, 268 F.Supp.2d 387, 401 (M.D. Pa. 2003) (internal citation omitted). The plaintiff's showing must consist of "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Id.* (internal citation omitted).

The plaintiff alleges conspiracy between Defendant Dunlap and the PSP as an alternative to his theory of unilateral coercion by the PSP. Though he identifies the benefit he believes each party received from the alleged conspiracy – immunity for Defendant Dunlap and access to the property for Defendant Kern – the plaintiff has not presented any further evidence of conspiracy. As the discussed above, the record supports a finding that Defendant Kern and the PSP reasonably relied on the apparent authority of Defendant Dunlap in conducting their search and that her consent was freely given. The plaintiff's bald allegations that the search was, in fact, a coordinated chain of events in furtherance of a conspiracy, is simply insufficient to survive a motion for summary judgement. Therefore, the court recommends that judgement be entered, *sua sponte*, in favor of Defendant Dunlap.

In sum, Third Circuit mandated that the court further examine the validity of the January 9, 2006 search of the plaintiff's property in light of questions of fact as to the plaintiff's presence during the search. The court finds, based on evidence in the record, that the Defendant Kern reasonably relied on Defendant Dunlap's apparent authority to grant consent to a search and therefore the search did not violate the plaintiff's Fourth Amendment rights. In the alternative, if the plaintiff was present during the search and did not consent, then the court again recommends that the claim be dismissed as it is barred by the statute of limitations.

**THEREFORE, THE COURT HEREBY RECOMMENDS, THAT:**

**(1)** The motion for summary judgment filed by Defendant Stephen Downs, (Doc. No. 110), be **GRANTED**;

**(2)** The motion for summary judgment filed by Defendant John Kern, Jr., (Doc. No. 115), be **GRANTED**;

**(3)** Judgment be entered, *sua sponte*, in favor of Defendant Cynthia Dunlap and against Plaintiff Cyrus Sanders;

**(4)** In the alternative, Count IV of the plaintiff's amended complaint, (Doc. No. 21), be **DISMISSED** as it is barred by the statute of limitations.

           *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATED: November 5, 2012**
O:\shared\REPORTS\2008 Reports\08-1560-02.wpd