# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYRUS R. SANDERS,

    Plaintiff,

v.

STEPHEN DOWNS, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:08-CV-1560

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MANNION[1])

## MEMORANDUM

Presently before the Court are: motions for summary judgment filed by former Bradford County District Attorney Stephen Downs (Doc. 110) and Pennsylvania State Police ("PSP") Trooper John Kern, Jr. (Doc. 115), the Report and Recommendation ("R & R") of Magistrate Judge Malachy E. Mannion (Doc. 123), and Plaintiff Cyrus Sanders' objections (Doc. 129). The Magistrate Judge recommends that Court grant the moving Defendants' summary judgment motions and also grant summary judgment *sua sponte* in favor of Defendant Cynthia Dunlap. For the reasons below, the R & R will be adopted.

## BACKGROUND

### I.  Factual and Procedural Background

On January 9, 2006, the PSP arrested Sanders at his residence in Bradford County, Pennsylvania pursuant to a fugitive warrant issued by Delaware County, Pennsylvania. The officers at the scene, including Trooper Kern, searched Sanders' property and seized several items. Sanders claims that he refused the officers' requests to search his property, but they coerced or conspired with Dunlap, a co-occupant of his residence, to obtain permission to do so, even though she lacked authority to give such permission. The PSP asserts that its officers, who knew that the stolen property that had prompted the arrest warrant had not yet been recovered, sought and received permission to search Sanders'

---

[1] The caption reflects Judge Mannion's office as a Magistrate Judge when he issued the Report and Recommendation here under review. He has since become a United States District Judge.

property from Dunlap, who identified herself as his common law wife and demonstrated control over the property by opening locked doors for them.  Sanders was subsequently convicted of receiving stolen property and has been incarcerated since June 2006.

Sanders alleges that on October 14, 2008, he received a sworn statement from Dunlap's son that revealed that the search, seizure, and arrest conducted in January 2006 was the result of coercion or an illegal conspiracy.  Specifically, Sanders alleges that Dunlap was caught inside their home with methamphetamine and Trooper Kern agreed to overlook the contraband if she gave the PSP permission to search the residence and property.  Accordingly, he alleges that the PSP conducted the search and seizure without valid consent or probable cause and violated his Fourth Amendment rights.

On August 20, 2008, Sanders commenced this action by filing a *pro se* Complaint alleging numerous violations of his federal constitutional rights. (Doc. 1.) He brought claims against four general groups of defendants: police officers from the PSP and Bradford County, including Trooper Kern; prosecutors from Bradford and Sullivan Counties, including former District Attorney Downs; various officials of the Bradford County Court of Common Pleas; and Dunlap.  He filed an Amended Complaint on April 3, 2009 (Doc. 21), which various Defendants moved to dismiss (Docs. 41, 45, 47, 53).  In a Memorandum and Order dated March 9, 2010 (Doc. 70), the Court adopted the Magistrate Judge's R & R (Doc. 58) and dismissed the Amended Complaint.  The United States Court of Appeals for the Third Circuit affirmed the dismissal in part and vacated in part, remanding Sanders' Fourth Amendment unlawful search claims to the Court for further proceedings.  (Docs. 80–81.)

On December 21, 2011, an order was entered directing Defendants Kern and Dunlap to answer Sanders' Amended Complaint by January 10, 2012 and setting the deadline for dispositive motions for May 2, 2012.  (Doc. 100.)  Former District Attorney Downs moved for summary judgment on May 1, 2012 (Doc. 110), and Trooper Kern did likewise the following day (Doc. 115).  On October 10, 2012, the Magistrate Judge notified Sanders of his intent to consider a *sua sponte* grant of summary judgment in favor of Dunlap and directed Sanders to file a brief in opposition (Doc. 122); Sanders failed to do so.  On

November 5, 2012, the Magistrate Judge issued a R & R recommending that the Court grant the moving Defendants' summary judgment motions and also grant summary judgment *sua sponte* in Dunlap's favor. (Doc. 123.) Sanders did not file objections to the R & R, and the Court adopted the R & R on January 24, 2013. (Doc. 125.)

On March 11, 2013, the Court received a letter from Sanders seeking additional time to respond to the Magistrate Judge's R & R, which he claimed he had not received. (Doc. 126.) Sanders then filed a Motion for Rule 60(b) Relief on March 15, 2013. (Doc. 127.) The Court granted the motion on June 5, 2013 and entered an order vacating its January 24, 2013 order and allowing Sanders to file objections to the R & R by June 26, 2013. (Doc. 128.) Sanders filed objections on June 24, 2013. (Doc. 129.) The R & R is thus ripe for disposition.

**II.     The Magistrate Judge's R & R (Doc. 123)**

On November 5, 2012, the Magistrate Judge issued a R & R concerning the moving Defendants' summary judgment motions. (Doc. 123.) The Magistrate Judge first recommends that the Court grant former District Attorney Downs' summary judgment motion because Sanders has neither alleged nor adduced any evidence showing that he authorized or participated in any way in the January 2006 search of Sanders' property. (*Id.* at 8.) Next, the Magistrate Judge recommends granting Trooper Kern's summary judgment motion because he reasonably relied upon the consent of Dunlap, the undisputed co-inhabitant of Sanders' property, in searching the property. (*Id.* at 9–13.) The Magistrate Judge also noted that the record was devoid of evidence supporting Sanders' assertion that Dunlap's consent was coerced by Trooper Kern or the PSP. (*Id.* at 12–13.)

In addition to his recommendations on the pending summary judgment motions, the Magistrate Judge recommends that the Court grant summary judgment *sua sponte* in Dunlap's favor because Sanders has not presented any evidence showing that she acted under color of state law. (*Id.* at 13–14.) Although Sanders alleges that the search of his property was the result of a conspiracy between Dunlap and Trooper Kern, he has not supported this allegation with any evidence. (*Id.*)

3

**III.    Sanders' Objections to the R & R (Doc. 129)**

On June 24, 2013, Sanders filed objections to the R & R. (Doc. 129.) Sanders contends that members of the Bradford County District Attorney's Office willfully engaged in reckless misconduct by supplying false information to the PSP regarding multiple thefts of his property, including several motor vehicles, that were allegedly committed by Dunlap and others between March and August of 2006. (*Id.* at 1–4.) He also asserts that the Bradford County DAs injected themselves into a private property dispute by ordering the PSP not to investigate the thefts, which they repeatedly claimed were civil in nature. (*Id.* at 3.) Sanders states that prosecutorial immunity does not protect the Bradford County DAs and seeks discovery to investigate these matters further. (*Id.* at 6.)

## DISCUSSION

**I.    Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R & R to which the petitioner objects *de novo*. The remainder of the R&R is reviewed for clear error.

## II. Analysis

Although Sanders advances several arguments in his objections to the R & R, none respond to any of the Magistrate Judge's recommendations. Instead, as detailed above, he attempts to show that members of the Bradford County District Attorney's Office committed fraud by recklessly providing false information to the PSP concerning thefts that Dunlap allegedly committed against him between March and August of 2006. As these objections are irrelevant to the Magistrate Judge's R & R or any remaining issues in this matter, the Court will not entertain them. Having reviewed the R & R for clear error or manifest injustice and finding none, the Court will adopt the Magistrate Judge's recommendations.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R & R will be adopted. The Court will grant the summary judgment motions filed by former District Attorney Downs (Doc. 110) and Trooper Kern (Doc. 115). Additionally, the Court will grant summary judgment *sua sponte* in favor of Dunlop and against Sanders.

An appropriate order follows.

| | |
|---|---|
| June 26, 2013<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |