**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CYRUS R. SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN DOWNS, *et al.,*<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-08-1560<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE MEHALCHICK) |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Mehalchick's Report and Recommendation ("R & R") (Doc. 146) that Plaintiff Cyrus R. Sanders' Motion for Relief under Fed. R. Civ. P. 60(b) ("Rule 60(b)") (Doc. 140) be denied. Plaintiff seeks relief from the judgment in favor of the defendants in this case, which I entered on June 26, 2013 (Doc. 131). Also before me are Plaintiff's Objections to the R & R (Doc. 147). Specifically, Plaintiff seeks relief from judgment pursuant to Rule 60(b)(1), mistake, and Rule 60(b)(2), newly discovered evidence. Because Plaintiff Sanders fails to put forth any evidence of mistake or of newly-discovered evidence that is material and could not have been discovered with reasonable diligence prior to the judgment from which he seeks relief, the Report and Recommendation will be adopted and the motion will be denied.

**I. Background**

The facts of this case are detailed in Magistrate Judge Mehalchick's R & R (Doc. 146) and in my order of June 26, 2013 (Doc. 131). For purposes of this review, it is sufficient to note that Plaintiff Sanders' claim arises from his arrest on January 9, 2006 at his Bradford County residence pursuant to an arrest warrant. At the time of his arrest, the Pennsylvania State Police ("PSP") officers at the scene searched Sanders' property and seized several items.

Sanders claims that he refused the officers' requests to search his property, but they coerced or conspired with Defendant Cynthia Dunlap, a co-occupant of his residence, to obtain permission to do so, even though she lacked authority to give permission. The PSP

asserts that its officers, who knew that the stolen property that had prompted the arrest warrant had not yet been recovered, sought and received permission to search Sanders' property from Dunlap, who identified herself as his common law wife and demonstrated control over the property by opening locked doors for them.  Sanders was subsequently convicted of receiving stolen property and has been incarcerated since June 2006.

On August 20, 2008, Plaintiff Sanders commenced this action by filing a *pro se* complaint alleging numerous violations of his civil rights (Doc. 1).  Sanders alleged claims against four groups of defendants: police officers from the PSP and Bradford County, including Trooper Kern; prosecutors from Bradford and Sullivan Counties, including former District Attorney Downs; various officials of the Bradford County Court of Common Pleas; and Dunlap, a co-occupant of his residence at the time of his arrest.

Sanders filed an Amended Complaint on April 3, 2009 (Doc. 21), which Defendants moved to dismiss (Docs. 41, 45, 47, 53).  In a Memorandum and Order dated March 9, 2010 (Doc. 70), I adopted the Magistrate Judge's R & R (Doc. 58) and dismissed the Amended Complaint.  On appeal, the United States Court of Appeals for the Third Circuit affirmed the dismissal in part and vacated in part, remanding the Fourth Amendment unlawful search claims to the Court for further proceedings.  (Docs. 80-81.)

On May 1, 2012, Defendant Downs filed a Motion for Summary Judgment (Doc. 110). Defendant Kern filed a Motion for Summary Judgment the following day (Doc. 115). On October 10, 2012, the Magistrate Judge notified Plaintiff of his intent to consider *sua sponte* the grant of summary judgment in favor of Defendant Dunlap and directed Sanders to file a brief in opposition. (Doc. 122.)  Sanders did not.  On November 5, 2012, the Magistrate Judge issued a R & R recommending that the Court grant the pending summary judgment motions of Defendant Downs and Defendant Kern, as well as *sua sponte* summary judgment in favor of Defendant Dunlap. (Doc. 123.)  Sanders did not file objections to the R & R, and the Court adopted it on January 24, 2013 (Doc. 125).

On March 11, 2013, Sanders asked the Court for additional time to respond to the R & R, which he asserted he had not received. (Doc. 126.)  The Court granted Sanders'

Motion for Rule 60(b) Relief (Doc. 127) on June 5, 2013, allowing him to file objections to the R & R, which he did on June 24 (Doc. 129). On June 26, I adopted the R & R, granting the summary judgment motions filed by Defendant Downs and Defendant Kern and granting *sua sponte* summary judgment in favor of Defendant Dunlap. (Doc. 130.)

Following this Order, Sanders appealed to the Third Circuit Court of Appeals on September 13, 2013 (Doc. 135). On January 9, 2014, the appeal was dismissed for lack of jurisdiction because it was untimely. (Doc. 139.) On February 21, 2014, Sanders filed a second "Motion and Memorandum of Law in Support of Relief under Rule 60(b)" (Doc. 140), which is now before me. Defendant Downs filed a Brief in Opposition on May 9, 2014 (Doc. 144) and Sanders filed a Reply Brief on May 19 (Doc. 145).

On July 9, 2014, Magistrate Judge Mehalchick issued her R & R (Doc. 146), recommending that Sanders' Motion for Relief from Judgment be denied. On July 21, Sanders filed Objections to the R & R (Doc. 147). This matter is ripe for disposition.

## II. Legal Standard

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

Plaintiff seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) on the grounds of (1) mistake and (2) newly discovered evidence. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

Fed. R. Civ. P. 60(b). "The general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) (citing *Wright & Miller, Federal Practice and Procedure*, § 2851). "The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'" *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986) (Garth, J., concurring)). "One who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

Plaintiff's Objection (Doc. 147) to the R & R does not specifically object to the finding on his claim under Rule 60(b)(1), mistake. Instead, the objection reasserts that the Court was incorrect in not agreeing with him. Plaintiff fails to identify or put forth evidence of a mistake made by the Court in its judgment. Reviewing Magistrate Judge Mehalchick's R & R for plain error or manifest injustice, her conclusion is correct that the plaintiff did not successfully assert a claim for relief from judgment under Rule 60(b)(1). (Doc. 146, 5-6.)

Sanders' objection to the R & R focuses on his claim pursuant to Rule 60(b)(2), newly discovered evidence. His assertions are insufficient to meet the "heavy burden" to justify relief under Rule 60(b)(2). *See Jackson v. City of Pittsburgh*, 2011 WL 3443951, at *30 (W.D. Pa. Aug. 8, 2011). Under Rule 60(b)(2), evidence is newly discovered only if "such evidence is (1) material and not merely cumulative, (2) could not have been

discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citing *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983 )).[1]

As Magistrate Judge Mehalchick notes, the majority of exhibits that Sanders attached to his motion are obviously not newly discovered evidence, as they "were clearly readily available, being letters or paperwork sent directly to Plaintiff some time before judgment was entered on this case." (Doc. 146. 7.) Sanders also puts forth an affidavit from the son of Defendant Cynthia Dunlap (Doc. 147-1, 7, *Pl. Mot. for Relief from J., Ex. F*). In it, the son attests that Dunlap allowed Trooper Kern to search Sanders' home as a result of an agreement: Trooper Kern would overlook Dunlap's obviously visible methamphetamine-related items if she would allow him to search the home. Sanders asserts that this supports his claim that Dunlap and Kern conspired to conduct an illegal search of his home.

The affidavit (Doc. 147-1, 7) does not satisfy the burden imposed by Rule 60(b)(2). For evidence to fall under this rule, it "could not have been discovered prior to trial through the exercise of reasonable diligence." *Bohus*, 950 F.2d at 930. The affidavit is dated October 9, 2008, prior to when Plaintiff filed his amended complaint on April 3, 2009. Plaintiff signed the affidavit as a witness, and wrote in his Motion that he possessed the letter in 2009. (Doc. 147, 6.) While a copy of the affidavit was lost in a 2011 flood, and Plaintiff's ability to find the affidavit was restricted by his incarceration, he did find it in order to support his Motion. It could have been discovered earlier through the exercise of reasonable diligence and so does not fall under the purview of Rule 60(b)(2).

Sanders also puts forth as newly discovered evidence a letter from Jaclyn A. Day, Prosecuting Attorney from the Pennsylvania Office of General Counsel ("Day"), written in

---

[1] Although Rule 60(b)(2) is stated in terms of a party seeking relief from a result at trial, courts have held that "the required showing remains the same" and the rule applies for those seeking relief from an order. *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (*citing Goldstein v. MCI WorldCom,* 340 F.3d 238 (5th Cir.2003)). *See, e.g., Wilder v. DMR Consulting Grp., Inc.,* 345 F. App'x 735 (3d Cir. 2009); *Pro Line Filter Sys., Inc. v. J.C. Carter Co.*, 34 F. App'x 870 (3d Cir. 2002).

reply to a letter from Sanders (Doc. 147-1, 4, *Pl. Mot. for Relief from J., Ex. C-1*).  The letter is dated April 3, 2013, and so does post-date the Judgment from which Plaintiff seeks relief.  However, Plaintiff has not demonstrated that it is material.  Day's letter does not appear to pertain to this matter.  She writes in response to Sanders' allegations against "Mr. Cohen." (Doc. 147-1, 7.)  There is no party named "Cohen" in this case.  The letter mentions an Order to Show Cause filed against Mr. Cohen, and upon review of the docket, there is no such order in this matter.  Plaintiff Sanders, furthermore, does not mention a "Cohen" in his Motion for Relief (Doc. 140), nor in his objection to the R &R (Doc. 147).  Upon review of the record, it is not clear what, if any, relationship Day's letter has to this instant case.

Even if the letter did pertain to this matter, it would not demonstrate the exceptional circumstances required for relief from judgment pursuant to Rule 60(b).  Plaintiff has not demonstrated that this letter "would probably have changed the outcome of the trial." *Bohus,* 950 F.2d at 930.  While Plaintiff asserts that the letter verifies that he has sole ownership over a vehicle that he contends the PSP stole from him, it does not do so.  (Doc. 147, 3.)  He argues that "Certainly a branch of the Commonwealth would not advise filing a criminal complaint for theft if the property in question was not his."  (*Id.*)  However, Day does not advise filing a criminal complaint for theft, she merely suggests that Sanders speak to an attorney "about your interest in the possibility of filing a criminal and/or civil complaint," noting that her office was unable to assist him in that respect.  (*Id.*)  Plaintiff does not demonstrate that he is entitled to the extraordinary relief under Rule 60(b) that he requests.

### IV. Conclusion

For the above reasons, Magistrate Judge Mehalchick's R & R (Doc. 146) will be *adopt*ed and Plaintiff's Motion for Relief from Judgment (Doc. 140) will be *denied*.  An appropriate order follows.


November 3, 2014                                          /s/ A. Richard Caputo
Date                                                                  A. Richard Caputo
                                                                        United States District Judge